**BORLEM S.A.–EMPREEDIMENTOS INDUSTRIAIS and FNV–Veiculos E Equipamentos S.A., Plaintiffs,**

v.

**UNITED STATES of America and United States International Trade Commission, Defendants,**

and

**The Budd Company, Defendant–Intervenor.**

Court No. 87–06–00693.

United States Court of International Trade.

March 3, 1992.

Willkie, Farr & Gallagher, Christopher Dunn and Daniel L. Porter, Washington, D.C., for plaintiffs.

Lyn M. Schlitt, Gen. Counsel, James A. Toupin, Asst. Gen. Counsel, U.S. Intern. Trade Comm'n, Wayne Herrington, Washington, D.C., for defendants.

Barnes, Richardson & Colburn, James H. Lundquist, Matthew T. McGrath and Peter A. Martin, New York City, for defendant-intervenor.

OPINION AND ORDER

CARMAN, Judge:

Plaintiff Borlem S.A.–Empreedimentos Industriais ("Borlem") moves to affirm the remand results of the International Trade Commission ("ITC"), *Tubeless Steel Disc Wheels from Brazil; Determination on Reconsideration of the Commission,* USITC Pub. No. 2448, Inv. No. 731–TA–335 (Final) (Nov. 1991) ("reconsideration determination" or "remand results"), issued in response to this Court's second remand order of June 29, 1989. *Borlem S.A.–Empreedimentos Industriais v. United States,* 13 CIT 535, 718 F.Supp. 41 (1989). Borlem's motion also seeks final judgment in Plaintiffs' favor. The government Defendants also seek an entry of final judg-

ment for Plaintiffs, as well as dismissal of Count II of the Complaint on grounds of mootness.[1]

Although given an opportunity to do so in this proceeding, Defendant–Intervenor, The Budd Company, has neither opposed Borlem's motion nor presented any challenge to the remand results.

The Court's remand order required the ITC, in light of the International Trade Administration's amended final determination, to either reconsider its affirmative threat of material injury finding or explain its reasons for not doing so. *Borlem S.A.–Empreedimentos Industriais*, 13 CIT at 546, 718 F.Supp. at 49.[2] On November 4, 1991, the ITC published its reconsideration determination reversing its original affirmative threat of injury determination, in effect making Borlem the prevailing party.

The Court retained jurisdiction over the action during the pendency of the ITC's remand proceeding. No party has expressed any opposition to Borlem's position that the ITC fully complied with this Court's remand order and that the ITC's reconsideration determination is based upon substantial evidence on the record and is otherwise in accordance with law. Defendants explicitly concede those two points. Defendants' Reply to Motion for Affirmation of Remand Results and Entry of Final Judgment at 3.

The Court finds that the ITC complied with the Court's remand instructions and reached a determination that is supported by substantial evidence on the record and is otherwise in accordance with law. Accordingly, this Court affirms the ITC's remand results and directs final judgment be entered for Plaintiffs. Count II of the Complaint is dismissed as moot.

---

1. Borlem does not oppose the dismissal of Count II of the Complaint.

2. The Court's remand order was affirmed by the Court of Appeals for the Federal Circuit. *Bor-*

*lem S.A.–Empreedimentos Industriais v. United States*, 913 F.2d 933 (Fed.Cir.1990).